IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. and<br>SCIENTIFIC ATLANTA, INC., ARRIS<br>GROUP, INC., and THOMSON, INC.<br><br>          Plaintiffs<br>     v.<br><br>GPNE CORP.<br>          Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C. A. No. 07-671 (SLR)<br>Jury Trial Demanded |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT GPNE CORP.

Defendant GPNE Corp., ("GPNE") hereby answers the Complaint for Declaratory Judgment of Plaintiffs Cisco Systems, Inc. ("Cisco"), Scientific Atlanta, Inc. ("SA"), Arris Group, Inc. ("Arris"), and Thomson, Inc. ("Thomson") (collectively referred to as "Plaintiffs" and/or "Counter-Defendants").

GPNE denies each and every allegation contained in Plaintiffs; Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. GPNE denies that Plaintiffs are entitled to the relief requested or any other.  GPNE responds to the specific allegations in the Complaint in accordance with the numbered paragraphs thereof as follows:

## ANSWER

1.      GPNE lacks sufficient knowledge to admit or deny the allegations of paragraph 1 and therefore denies those allegations.

2.      GPNE lacks sufficient knowledge to admit or deny the allegations of paragraph 2 and therefore denies those allegations.

3.    GPNE lacks sufficient knowledge to admit or deny the allegations of paragraph 3 and therefore denies those allegations.

4.    GPNE lacks sufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

5.    GPNE denies the allegation that its principal place of business is located at 2556 Lemon Road, Unit B101, Honolulu, Hawaii, and admits the remaining allegations of paragraph 5.

6.    GPNE admits the allegations of paragraph 6.

7.    GPNE admits the allegations of paragraph 7.

8.    GPNE admits the allegations of paragraph 8.

9.    GPNE admits the allegations of paragraph 9.

10.    GPNE admits the allegations of paragraph 10.

11.    GPNE admits the allegations of paragraph 11.

12.    GPNE admits the allegations of paragraph 12.

13.    GPNE admits the allegations of paragraph 13.

14.    GPNE admits the allegations of paragraph 14.

15.    GPNE admits the allegations of paragraph 15.

16.    GPNE denies the allegations of paragraph 16.

17.    GPNE denies the allegations of paragraph 17.

18.    GPNE denies the allegations of paragraph 18.

19.    GPNE denies the allegations of paragraph 19.

20.    GPNE admits the allegations of paragraph 20.

21.    GPNE denies the allegations of paragraph 21.

22.    GPNE denies the allegations of paragraph 22.

23.    GPNE denies the allegations of paragraph 23.

## Count I: Declaration of Rights Regarding
## U.S. Patent No. 6,282,406

24.    GPNE admits that in paragraph 24 of the Complaint, Plaintiffs purport to incorporate by

reference its allegations contained in paragraphs 1-17.

25.    GPNE denies the allegations of paragraph 25.

26.    GPNE denies the allegations of paragraph 26.

27.    GPNE denies the allegations of paragraph 27.

## Count II: Declaration of Rights Regarding
## U.S. Patent No. 7,200,406

28.    GPNE admits that in paragraph 28 of the Complaint, Plaintiffs purport to incorporate by

reference its allegations contained in paragraphs 1-21.

29.    GPNE admits the allegations of paragraph 29.

30.    GPNE admits the allegations of paragraph 30.

31.    GPNE denies the allegations of paragraph 31.

32.    GPNE denies the allegations of paragraph 32.

## Count II: Declaration of Rights Regarding
## U.S. Patent No. 7,209,748

33.    GPNE admits that in paragraph 33 of the Complaint, Plaintiffs purport to incorporate by

reference its allegations contained in paragraphs 1-26.

34.    GPNE admits the allegations of paragraph 34.

35.    GPNE admits the allegations of paragraph 35.

36.    GPNE denies the allegations of paragraph 36.

37.    GPNE denies the allegations of paragraph 37.

### AFFIRMATIVE DEFENSES

38.    GPNE reserves the right to allege affirmative defenses as they become known through

the course of discovery.

### GPNE'S COUNTERCLAIMS

39.    GPNE hereby incorporates by reference Paragraphs 1-38 of its Answer and Affirmative

Defenses above.

### THE PARTIES

40.    GPNE is a corporation organized under the laws of the State of Delaware and has a

principal place of business at 2800 Woodlawn Drive, Suite 233, Honolulu, HI 96822.

41.    On information and belief, based on the allegations in its Amended Complaint For

Declaratory Relief, Cisco Systems, Inc. is a California Corporation with its principal

place of business at 170 West Tasman Drive, San Jose, California 95134.

42.    On information and belief, based on the allegations in its Amended Complaint For

Declaratory Relief, Scientific-Atlanta, Inc. is a wholly-owned subsidiary of Cisco.  SA is

a Georgia corporation with its principal place of business at 5030 Sugarloaf Parkway,

Lawrenceville, Georgia 30044-2869.

43.    On information and belief, based on the allegations in its Amended Complaint For

Declaratory Relief, ARRIS Group, Inc. is a Delaware corporation with its principal place

of business at 3871 Lakefield Drive, Suwanee, Georgia 30024.

44.    On information and belief, based on the allegations in its Amended Complaint For

Declaratory Relief, Thomson, Inc. is a Delaware corporation with its principal place of

business at 101 W. 103rd Street, Indianapolis Indiana, 46290.

4

## JURISDICTION & VENUE

45.    This counterclaim is for infringement of a United States patent.  Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 et. seq. and jurisdiction is properly based on Title 35 United States Code, particularly § 271, and title 28 United States Code, particularly § 1338(a).

46.    Venue is proper in this court under Title 28 United States Code § 1391 and 1400.

## PATENT INFRINGEMENT COUNT I

47.    On August 28, 2001, United States Patent No. 6,282,406 ("the '2,406 patent") entitled "Paging Method and Apparatus" was duly and legally issued. A true and correct copy of the '2,406 patent is attached as Exhibit A.

48.    Pursuant to 35 U.S.C. § 282, the above-listed United States Patent is presumed valid.

49.    GPNE is the owner of the '2,406 patent.

50.    Cisco, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '2,406 patent, including for example and without limitation cable modems with model numbers CM100, BEFCMU10 ver. 6, BEFCMU10 ver. 5, BEFCMU10 ver. 4, BEFCMU10, WCG200, BEFCMUH4, BEFCMU10 Ver 2, BEFCMUH41, BEFMCU4, BEFMCU10 Ver 2, BEFCMU10, BEUCM11, UBR925, UBR905, UBR924, UBR904, and CVA122, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '2,406 patent.

51.    Scientific Atlanta, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '2,406 patent, including for example and without limitation cable modems with model numbers DPC2505, DPC2100R2, WebSTAR

5

DPC2100, WebSTAR DPX2100, WebSTAR DPX100, WebSTAR DPR362, WebSTAR DPX213, and WebSTAR DPCX110, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '2,406 patent.

52.    Thomson, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '2,406 patent, including for example and without limitation cable modems with model numbers DCM465, DCM425, DCM325, DCM315, DCM315R, DCW625, DCW625R, DCM316, DCM316R, DCM315, DCM315R, DCW615, DCW615R, DCM305, DCM305R, DCM318, DCM318R, DCM245, DCM245R, DCM235, DCM235R, DCM225, DCM215, DCM205, and DCM105, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '2,406 patent.

53.    Arris, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '2,406 patent, including for example and without limitation cable modems with model numbers TM602G, CM550A, TM502G, TTM402P, TM402G, CM450A, TM02DB102, TC00DA103, TC00DA1430, CM00DA103, A2TM02NA, A2TM01NA, CM200R, CM200U, and CM200, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '2,406 patent.

54.    The Counter-Defendants' infringement of the '2,406 patent alleged above has injured GPNE and thus, it is entitled to recover damages adequate to compensate for the Counter-Defendants' infringement, which in no event can be less than a reasonable royalty.

## PATENT INFRINGEMENT COUNT II

55.    On April 3, 2007, United States Patent No. 7,200,406 ("the '0,406 patent") entitled "Network Communication System Using A Single Reservation Request From A Node To Transmit Its Data" was duly and legally issued. A true and correct copy of the '0,406 patent is attached as Exhibit B.

56.    Pursuant to 35 U.S.C. § 282, the above-listed United States Patent is presumed valid.

57.    GPNE is the owner of the '0,406 patent.

58.    Cisco, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '0,406 patent, including for example and without limitation cable modems with model numbers CM100, BEFCMU10 ver. 6, BEFCMU10 ver. 5, BEFCMU10 ver. 4, BEFCMU10, WCG200, BEFCMUH4, BEFCMU10 ver 2, BEFCMUH41, BEFMCU4, BEFMCU10 Ver 2, BEFCMU10, BEUCM11, UBR925, UBR905, UBR924, UBR904, and CVA122, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '0,406 patent.

59.    Scientific Atlanta, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '0,406 patent, including for example and without limitation cable modems with model numbers DPC2505, DPC2100R2, WebSTAR DPC2100, WebSTAR DPX2100, WebSTAR DPX100, WebSTAR DPR362, WebSTAR DPX213, and WebSTAR DPCX110, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '0,406 patent.

7

60.    Thomson, on information and belief, manufactures, uses, and sells products that infringe

at least Claim 1 of the '0,406 patent, including for example and without limitation cable

modems with model numbers DCM465, DCM425, DCM325, DCM315, DCM315R,

DCW625, DCW625R, DCM316, DCM316R, DCM315, DCM315R, DCW615,

DCW615R, DCM305, DCM305R, DCM318, DCM318R, DCM245, DCM245R,

DCM235, DCM235R, DCM225, DCM215, DCM205, and DCM105, as well as any other

cable modems or other devices acting or capable of acting under the DOCSIS standard or

in the manner described and claimed in the '0,406 patent.

61.    Arris, on information and belief, manufactures, uses, and sells products that infringe at

least Claim 1 of the '0,406 patent, including for example and without limitation cable

modems with model numbers TM602G, CM550A, TM502G, TTM402P, TM402G,

CM450A, TM02DB102, TC00DA103, TC00DA1430, CM00DA103, A2TM02NA,

A2TM01NA, CM200R, CM200U, and CM200, as well as any other cable modems or

other devices acting or capable of acting under the DOCSIS standard or in the manner

described and claimed in the '0,406 patent.

62.    The Counter-Defendants' infringement of the '0,406 patent alleged above has injured

GPNE and thus, it is entitled to recover damages adequate to compensate for the Counter-

Defendants' infringement, which in no event can be less than a reasonable royalty.

## PATENT INFRINGEMENT COUNT III

63.    On April 24, 2007, United States Patent No. 7,209,748 ("the '748 patent") entitled

"Network Communication System Using A Single Reservation Request Over One Or

More Assigned Frequencies To Identify A Node" was duly and legally issued. A true and

correct copy of the '0,406 patent is attached as Exhibit B.

8

64.    Pursuant to 35 U.S.C. § 282, the above-listed United States Patent is presumed valid.

65.    GPNE is the owner of the '748 patent.

66.    Cisco, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '748 patent, including for example and without limitation cable modems with model numbers CM100, BEFCMU10 ver. 6, BEFCMU10 ver. 5, BEFCMU10 ver. 4, BEFCMU10, WCG200, BEFCMUH4, BEFCMU10 ver 2, BEFCMUH41, BEFMCU4, BEFMCU10 Ver 2, BEFCMU10, BEUCM11, UBR925, UBR905, UBR924, UBR904, and CVA122, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '748 patent.

67.    Scientific Atlanta, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '748 patent, including for example and without limitation cable modems with model numbers DPC2505, DPC2100R2, WebSTAR DPC2100, WebSTAR DPX2100, WebSTAR DPX100, WebSTAR DPR362, WebSTAR DPX213, and WebSTAR DPCX110, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '748 patent.

68.    Thomson, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '748 patent, including for example and without limitation cable modems with model numbers DCM465, DCM425, DCM325, DCM315, DCM315R, DCW625, DCW625R, DCM316, DCM316R, DCM315, DCM315R, DCW615, DCW615R, DCM305, DCM305R, DCM318, DCM318R, DCM245, DCM245R, DCM235, DCM235R, DCM225, DCM215, DCM205, and DCM105, as well as any other

9

cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '748 patent.

69.    Arris, on information and belief, manufactures, uses, and sells products that infringe at least Claim 1 of the '748 patent, including for example and without limitation cable modems with model numbers TM602G, CM550A, TM502G, TTM402P, TM402G, CM450A, TM02DB102, TC00DA103, TC00DA1430, CM00DA103, A2TM02NA, A2TM01NA, CM200R, CM200U, and CM200, as well as any other cable modems or other devices acting or capable of acting under the DOCSIS standard or in the manner described and claimed in the '748 patent.

70.    The Counter-Defendants' infringement of the '748 patent alleged above has injured GPNE and thus, it is entitled to recover damages adequate to compensate for the Counter-Defendants' infringement, which in no event can be less than a reasonable royalty.

## DEMAND FOR JURY TRIAL

71.    GPNE hereby demands a jury trial on all claims and issues triable of right by a jury.

## PRAYER FOR RELIEF

Wherefore, GPNE prays for entry of judgment:

A.    that the complaint be dismissed;

B.    that Counter-Defendants have infringed one or more claims of the '2,406, '0,406, and '748 patents;

C.    that Counter-Defendants account for and pay to GPNE all damages caused by the infringement of the '2,406, '0,406, and '748 patents, which by statute can be no less than a reasonable royalty;

D.      that GPNE be granted pre-judgment and post-judgment interest on the damages

caused to them by reason of Counter-Defendants infringement of the '2,406, '0,406, and '748

patents;

E.      that GPNE be granted its attorneys' fees in this action;

F.      that costs be awarded to GPNE;

G.      that GPNE be granted such other and further relief as the Court may deem just

and proper under the current circumstances.

<div style="margin-left: 45%;">

_(signature)_

Richard K. Herrmann (I.D. No. 405)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800 - Telephone
rherrmann@morrisjames.com

*ATTORNEY FOR GPNE CORP.*

</div>

*OF COUNSEL:*
Edward W. Goldstein
egoldstein@gfpiplaw.com
Corby R. Vowell
cvowell@gfpiplaw.com
**GOLDSTEIN, FAUCETT & PREBEG, LLP**
1177 West Loop South, Suite 400
Houston, Texas 77027
(713) 877-1515 – Telephone