IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CISCO SYSTEMS, INC., SCIENTIFIC-ATLANTA, INC., ARRIS GROUP, INC., and THOMSON, INC.**<br><br>*Plaintiffs*,<br><br>v.<br><br>**GPNE CORP., Delaware company,**<br><br>*Defendant*. | C. A. No. 07-671 (SLR) |

**CISCO SYSTEMS, INC., AND SCIENTIFIC ATLANTA, INC.'S REPLY TO DEFENDANT GPNE CORP'S ANSWER AND COUNTERCLAIMS**

Plaintiffs/Counterclaim Defendants Cisco Systems, Inc. ("Cisco") and Scientific Atlanta, Inc. ("SA") ("collectively referred to as "Plaintiffs" and/or "Counter Defendants"), by its counsel, respond to the Counterclaims of Defendant/Counterclaim Plaintiff GPNE Corp. ("GPNE") as follows:

**THE PARTIES**

40. Plaintiffs admit that GPNE is a Delaware corporation and, on information and belief, that GPNE purports to have a principal place of business at 2800 Woodlawn Drive, Suite 233, Honolulu, HI 96822.

41. Plaintiffs admit the allegations of paragraph 41 of the Counterclaims.

42. Plaintiffs admit the allegations of paragraph 42 of the Counterclaims.

43. Plaintiffs admit the allegations of paragraph 43 of the Counterclaims.

44. Plaintiffs admit the allegations of paragraph 44 of the Counterclaims.

**JURISDICTION & VENUE**

45. Plaintiffs admit that GPNE purports to set forth counterclaims for patent infringement arising under the U.S. Code and that this Court has subject matter jurisdiction over the asserted counterclaims under the statutes referenced in paragraph 45 of the counterclaims, but Plaintiffs deny any and all liability with respect to any such claims.

46. Plaintiffs admit that venue is proper in this Court.

**ASSERTION OF**
**PATENT INFRINGEMENT COUNT I**

47. Plaintiffs admit that Exhibit A to GPNE's Answer and Counterclaims purports to be a copy of U.S. Patent No. 6,282,406 ("the '2,406 patent") entitled "Paging Method and Apparatus." Plaintiffs deny that the '2,406 patent was duly and legally issued.

48. Plaintiffs admit that 35 U.S.C. § 282 states that "A patent shall be presumed valid," but Plaintiffs deny the validity of the '2,406 patent.

49. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 49 of the Counterclaims, and therefore, deny them.

50. Plaintiffs deny that Cisco "manufactures, uses, and sells products that infringe at least Claim 1 of the '2,406 patent," including without limitation the "cable modems or other devices" identified in the allegations of paragraph 50 of the Counterclaims.

51. Plaintiffs deny that SA "manufactures, uses, and sells products that infringe at least Claim 1 of the '2,406 patent," including without limitation the "cable

    modems or other devices" identified in the allegations of paragraph 51 of the Counterclaims.

52. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 52 of the Counterclaims, and therefore, deny them.

53. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 53 of the Counterclaims, and therefore, deny them.

54. Plaintiffs deny the allegations of paragraph 54 of the Counterclaims.

## ASSERTION OF
## PATENT INFRINGEMENT COUNT II

55. Plaintiffs admit that Exhibit B to GPNE's Answer and Counterclaims purports to be a copy of U.S. Patent No. 7,200,406 ("the '0,406 patent") entitled "Network Communication System Using A Single Reservation Request From A Node To Transmit Its Data." Plaintiffs deny that the '0,406 patent was duly and legally issued.

56. Plaintiffs admit that 35 U.S.C. § 282 states that "A patent shall be presumed valid," but Plaintiffs deny the validity of the '0,406 patent.

57. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 57 of the Counterclaims, and therefore, deny them.

58. Plaintiffs deny that Cisco "manufactures, uses, and sells products that infringe at least Claim 1 of the '0,406 patent," including without limitation the "cable modems or other devices" identified in the allegations of paragraph 58 of the Counterclaims.

59. Plaintiffs deny that SA "manufactures, uses, and sells products that infringe at least Claim 1 of the '0,406 patent," including without limitation the "cable

modems or other devices" identified in the allegations of paragraph 59 of the Counterclaims.

60. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 60 of the Counterclaims, and therefore, deny them.

61. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 61 of the Counterclaims, and therefore, deny them.

62. Plaintiffs deny the allegations of paragraph 62 of the Counterclaims.

## ASSERTION OF
## PATENT INFRINGEMENT COUNT III

63. Plaintiffs admit that Exhibit B to GPNE's Answer and Counterclaims purports to be a copy of "the '0,406 patent." Plaintiffs deny that the '748 patent was duly and legally issued.

64. Plaintiffs admit that 35 U.S.C. § 282 states that "A patent shall be presumed valid," but Plaintiffs deny the validity of the '748 patent.

65. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 65 of the Counterclaims, and therefore, deny them.

66. Plaintiffs deny that Cisco "manufactures, uses, and sells products that infringe at least Claim 1 of the '748 patent," including without limitation the "cable modems or other devices" identified in the allegations of paragraph 66 of the Counterclaims.

67. Plaintiffs deny that SA "manufactures, uses, and sells products that infringe at least Claim 1 of the '748 patent," including without limitation the "cable modems or other devices" identified in the allegations of paragraph 67 of the Counterclaims.

68. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 68 of the Counterclaims, and therefore, deny them.

69. Plaintiffs are without sufficient information or knowledge to admit or deny the allegations of paragraph 69 of the Counterclaims, and therefore, deny them.

70. Plaintiffs deny the allegations of paragraph 70 of the Counterclaims.

## DEMAND FOR A JURY TRIAL

71. Plaintiffs reincorporate their demand for a jury trial.

72. Plaintiffs deny each and every allegation of the Counterclaims not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Plaintiffs assert the following defenses to GPNE's Counterclaims:

### First Affirmative Defense

Plaintiffs have not infringed, nor do they now infringe, either directly or indirectly, any valid claim of the `2,406, `0,406 and/or `748 patents, either literally or under the doctrine of equivalents.

### Second Affirmative Defense

The claims of the `2,406, `0,406 and `748 patents are invalid for failure to satisfy the requirements of the Patent Laws of the United States, including the requirements of one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Third Affirmative Defense**

By virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the `2,406, `0,406 and `748 patents, as illustrated by their prosecution histories, GPNE is estopped from asserting that the Plaintiffs have infringed directly or indirectly, any claim of any of the `2,406, `0,406 and `748 patents, either literally or under the doctrine of equivalents.

**Fourth Affirmative Defense**

GPNE's patent infringement claims are barred by the doctrines of waiver, equitable estoppel, license, acquiescence, unclean hands and/or laches.

**Fifth Affirmative Defense**

GPNE's Counterclaims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

WHEREFORE, Plaintiffs pray that the Court:

(a) deny all relief GPNE seeks in the Counterclaims and grant all relief sought in Plaintiffs' Amended Complaint;

(b) award Plaintiffs attorneys fees and costs, pursuant to 35 U.S.C. § 285 and otherwise as allowed under the Patent Act, 35 U.S.C. § 1, *et seq.*, for Plaintiffs' defense against these Counterclaims; and

(c) award Plaintiffs such other and further relief as the Court may deem just and proper.

       MORRIS, NICHOLS, ARSHT & TUNNELL LLP

       */s/ Karen Jacobs Louden (#2881)*

       Jack B. Blumenfeld (#1014)
       Karen Jacobs Louden (#2881)
       1201 N. Market Street
       P.O. Box 1347
       Wilmington, DE  19899-1347
       (302) 658-9200
       jblumenfeld@mnat.com
       klouden@mnat.com

       FISH & RICHARDSON P.C.

       */s/ William J. Marsden, Jr. (#2247)*

       William J. Marsden, Jr. (#2247)
       919 North Market Street
       Suite 1100
       P.O. Box 1114
       Wilmington, DE  19899
       (302) 778-8401
       marsden@fr.com

       *Attorneys for Plaintiffs*
       *Cisco Systems, Inc. and Scientific-Atlanta, Inc.*

February 11, 2008

CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>Richard K. Herrmann
>MORRIS JAMES LLP

I further certify that I caused to be served copies of the foregoing document on February 11, 2008 upon the following in the manner indicated:

**BY HAND AND EMAIL**

Richard K. Herrmann
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800

**BY EMAIL**

Edward W. Goldstein
Corby R. Vowell
GOLDSTEIN, FAUCETT & PREBEG, LLP
1177 West Loop South, Suite 400
Houston, TX  77027
(713) 877-1515

>*/s/ Karen Jacobs Louden (#2881)*
>_____
>klouden@mnat.com (#2881)