IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CISCO SYSTEMS, INC. and SCIENTIFIC ATLANTA, INC., ARRIS GROUP, INC., and THOMSON, INC., | § § § § | |
| Plaintiffs, | § | C. A. No. 07-671 (SLR) |
| v. | § | Jury Trial Demanded |
| GPNE CORP., | § § | |
| Defendant. | § § | |

## GPNE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER

Defendant GPNE Corporation ("GPNE") files the Reply Brief in Support of Its Motion to Transfer this case pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Texas, Marshall Division.

**I.   INTRODUCTION**

The two Plaintiffs that are Delaware corporations – ARRIS Group, Inc. ("ARRIS") and Thomson, Inc. ("Thomson") – were not originally plaintiffs to this action until Cisco Systems, Inc. ("Cisco") and Scientific Atlanta, Inc. ("SA") filed an Amended Complaint on December 4, 2007 adding them to the current litigation.

Furthermore, U.S. Pat. Nos. 7,200,406 ("the '0,406 patent"), and 7,209,748 ("the '748 patent") – the patents that have not been subject to litigation in Texas but are at issue in this case – have identical specifications and are continuations of U.S. Pat. 6,282,406 ("the '2,406 patent"), the patent currently being litigated in Texas and also at issue in this case.

In the interest of judicial economy and for the convenience of the parties and witnesses, GPNE has moved for a change of venue to that district.

**II.     STATEMENT OF FACTS**

GPNE filed an infringement action concerning the same '2,406 patent against Samsung in the Eastern District of Texas on January 31, 2007 ("the Texas action"). Judge Davis has been introduced to the '2,406 patent, including the specification which is identical for the '0,406 and '748 patents. The parties to the Texas action have exchanged claim terms to be construed by the court, infringement contentions and invalidity contentions. Additionally, the invalidity contentions filed in this action will be nearly identical to those made in the Texas action.

Furthermore, none of the parties have any connection with Delaware other than GPNE, Arris Group, Inc. ("Arris"), and Thomson, Inc. ("Thomson") being incorporated there. GPNE is not aware of any documents or witnesses located in Delaware. Texas is closer to Hawaii than Delaware and is centrally located to Plaintiffs' principal places of business in Georgia, California, and Indiana.

For the reasons delineated below, this Court should transfer this action to Judge Leonard Davis in the Eastern District of Texas, pursuant to 28 U.S.C. § 1404(a).

**III.    ARGUMENT**

The Eastern District of Texas was the first court to obtain possession of the subject matter in dispute in this action – specifically, the infringement of the '2,406 patent. Accordingly, the first-to-file rule and the plaintiff's choice of forum suggest that this case should be transferred to the Eastern District of Texas. Cisco and SA attempt to circumvent the first-to-file rule by amending the complaint to include two Delaware corporations and alleging two additional patents. However, the two additional patents are based on the same specification as the '2,406 patent.

Furthermore, judicial economy and the potential for inconsistent claim interpretation favor transfer to the Eastern District of Texas. When possible the courts should try to prevent duplicative litigation to "ensure efficient functioning of federal courts." *Holley Performance Products Inc. v. Barry Grant Inc.*, 74 U.S.P.Q. 2d 1357, 1363 (N.D. Ill. 2004). There is also the risk that two separate federal courts will create inconsistent results when adjudicating issues regarding the same patent, especially with regard to claim construction rulings. *Id.* Also, The Eastern District of Texas is central to the parties' principal places of business - Hawaii, California, Georgia, and Indiana. Accordingly, this case should be transferred to the Eastern District of Texas because the risk of inconsistent claim interpretation will be mitigated, judicial economy will be served where highly technical issues are present, and the forum is central to the parties' principal places of business.

## IV. CONCLUSION

For the foregoing reasons, this Court should transfer this action to the Eastern District of Texas.

                                                                     */s/ Richard K. Herrmann*
                                                                     Richard K. Herrmann (#405)
                                                                     MORRIS JAMES LLP
                                                                     500 Delaware Avenue, Suite 1500
                                                                     Wilmington, DE 19801-1494
                                                                     T: (302) 888-6800
                                                                     rherrmann@morrisjames.com

OF COUNSEL:
Edward W. Goldstein
egoldstein@gfpiplaw.com
Corby R. Vowell
cvowell@gfpiplaw.com
GOLDSTEIN, FAUCETT & PREBEG, LLP
1177 West Loop South, Suite 400
Houston, Texas 77027
(713) 877-1515 – Telephone                      Attorneys for Defendant
(713) 877-1737   Facsimile                         GPNE CORP.