IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS, INC. and SCIENTIFIC ATLANTA, INC., ARRIS GROUP, INC., and THOMSON, INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>GPNE CORP.,<br><br>      Defendant. | C.A. No. 07-671 (SLR)<br><br>**REDACTED –<br>PUBLIC VERSION** |

# PLAINTIFFS' ANSWERING BRIEF
## IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
919 North Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE 19899
(302) 778-8401
marsden@fr.com

*Attorneys for Plaintiffs
Cisco Systems, Inc., Scientific-Atlanta, Inc.,
ARRIS Group, Inc. and Thomson, Inc.*

Original Filing Date: February 7, 2008

Redacted Filing Date: March 3, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION ..................................................................................................... 1

II.  NATURE AND STAGE OF PROCEEDING........................................................... 2

III. SUMMARY OF ARGUMENT ................................................................................. 3

IV   STATEMENT OF FACTS ........................................................................................ 3

V.   ARGUMENT.............................................................................................................. 4

VI.  CONCLUSION........................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ADE Corp. v. KLA-Tencor Corp.,*
    138 F. Supp. 2d 565 (D. Del. 2001) ................................................................ 7

*Alcoa v. Alcan Inc.,*
    2007 WL 1948821 (D.Del. Jul. 2, 2007) ........................................................ 12

*Arrow Comm'n Labs., Inc. v. Mezzalingua Assocs.,*
    2005 WL 2786691 (D. Del. Oct. 26, 2005) ..................................................... 7

*Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.*
    2006 WL 3783477 (D. Del. Dec. 21, 2006) ................................................... 11

*C.R. Bard, Inc. v. Guidant Corp.,*
    997 F.Supp. 556 (D. Del. 1998) ...................................................................... 5

*Garmin Ltd. v. TomTom, Inc.,*
    Case. No. 2-06CV-338 (E.D. Tx. Filed on Aug. 23, 2006) .......................... 11

*Genden v. Merrill Lynch Pierce, Fenner & Smith, Inc*
    621 F. Supp. 780, 782 (N.D.Ill . 1985) ........................................................... 9

*ICU Medical, Inc. v. Rymed Technologies, Inc.,*
    2008 WL 205307 (D.Del Jan. 23, 2008) ....................................................... 11

*Jones Pharma, Inc. v. KV Pharmaceutical Co.,*
    2004 WL 323109 (D. Del. Feb. 17, 2004) ...................................................... 8

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995) ......................................................................... 5, 8

*Oracle Corp. v. epicRealm Licensing, LP,*
    2007 WL 901543 (D. Del. March 26, 2007) .................................................. 5

*Praxair, Inc. v. ATMI, Inc.,*
    2004 WL 883395 (D.Del April 20, 2004) ...................................................... 8

*Shutte v. Armco Steel Corp.,*
    431 F.2d 22 (3d Cir. 1970) ......................................................................... 5, 7

*Sony Electronics, Inc. v. Orion IP, LLC,*
    2006 WL 680657 (D.Del. Mar. 14, 2006) ...................................................... 7

*SRU Biosystems, Inc. v. Hobbs,*
    2005 WL 2216889 (D. Del. Sept. 13, 2005) ................................................... 7

*Stratos Lightwave, Inc. v. E20 Communications, Inc.,*
    2002 WL 500920 (D.Del. Mar. 26, 2002) ...................................................... 6

*Textron Innovations, Inc. v. The Toro Co.*,
    2005 WL 2620196 (D. Del. Oct. 14, 2005) .................................................... 6, 11

*Time Warner Cable, Inc. v. GPNE Corp.*,
    Civ.A. No. 07-67-MPT, (D. Del. July 20, 2007) ................................................ 3

*Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*,
    2005 WL 441077 (D. Del. Feb. 15, 2005) ......................................................... 6

*Truth Hardware Corp. v. Ashland Products, Inc.*,
    2003 WL 118005 (D. Del. Jan 13, 2003) ......................................................... 11

*Tsoukanelis v. Country Pure Foods, Inc.*,
    337 F.Supp.2d 600 (D. Del. 2004) .................................................................... 8

*Waste Distillation Technology, Inc. v. Pan American Resources, Inc.*,
    775 F.Supp. 759 (D. Del. 1991) ........................................................................ 9

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................ 4

I.  **INTRODUCTION**

Plaintiffs Cisco Systems, Inc. ("Cisco"), Scientific Atlanta, Inc. ("SA"), ARRIS Group, Inc. ("ARRIS") and Thomson, Inc. ("Thomson") (collectively, "Plaintiffs") properly filed this patent action in this Court seeking declaratory relief against defendant GPNE Corp. ("GPNE"). Two of the four plaintiffs (ARRIS and Thomson) are Delaware corporations. Defendant GPNE also is a Delaware corporation. Thus, plaintiffs had legitimate and rational reasons for filing suit in this district and GPNE admits that Delaware is an appropriate forum for this litigation. (D.I. 14 at 10). Yet, GPNE nonetheless seeks to transfer this case to the Eastern District of Texas, a forum lacking *any* specific connection to *any* of the five parties to this suit, purportedly for the sake of "convenience" and judicial economy.

GPNE argues that a transfer under 28 U.S.C. § 1404 is appropriate because: (i) GPNE previously chose to bring suit against *different* parties in Marshall, Texas on various patents which included only *one* of the patents-in-suit; (ii) GPNE's Texas lawyers possess some GPNE documents at their offices in Texas; and (iii) it purportedly is easier for the parties to travel to Marshall, Texas than to Wilmington, Delaware.

GPNE's first two arguments are simply an attempt to bootstrap its own prior forum-shopping to upset Plaintiffs' legitimate choice of forum in this action. Indeed, the *only* connection GPNE has with Texas is based on GPNE's own actions in selecting the Eastern District of Texas as a forum and moving its documents to that district. Although GPNE argues that transfer will serve judicial economy because the Texas judge is already familiar with the technology, that is simply not the case. The only Texas case which involved technology similar to that here (the "Texas DOCSIS Litigation") – but different accused infringers – made no substantive progress towards resolution and was dismissed prior to any Markman briefing or a Markman order. The other case which remains pending against one defendant not a party to this action, involves *different technology*

and only one of the three patents in this suit (the "Texas GPRS Litigation"). Thus, a transfer would not serve judicial economy.

As to GPNE's assertion that the location of its documents makes Texas a more convenient forum, this Court has previously rejected such argument. As noted by this Court, parties can conduct discovery at any location convenient to them and their employees. GPNE will have to copy and produce documents in this litigation regardless of where they are located, and GPNE has not identified any documents that would be too burdensome to ship to Delaware. Moreover, GPNE's selection of Texas counsel and the transmission of some documents to its counsel's office cannot form the basis for a change in venue, particularly when GPNE admits that the location of counsel is irrelevant to the analysis of proper venue.

Finally, GPNE does not even attempt to argue that litigation in Delaware would pose a unique or unusual burden on its operations, and its assertions about the relative convenience of Texas over Wilmington are both irrelevant and incorrect.

GPNE thus has not begun to meet its heavy burden in establishing that transfer is warranted. Its motion should be denied.

## II.   NATURE AND STAGE OF PROCEEDING

On October 24, 2007, Cisco and SA filed this action against GPNE seeking declaratory relief with respect to U.S. Patent Nos. 6,282,406 ("'2,406 Patent"); 7,200,406 ("'0,406 Patent"); and 7,209,748 ("'748 Patent") (collectively referred to as the "Patents-in-Suit"). (D.I. 1). An amended complaint was filed on December 4, 2007, adding ARRIS and Thomson as additional plaintiffs. (D.I. 7). On January 18, 2008, GPNE filed its Answer and Counterclaims (D.I. 12). That same day, it also moved to transfer this case to the Eastern District of Texas, Marshall Division. (D.I. 13). This is Plaintiffs' answering brief in opposition to that motion.

### III.    SUMMARY OF ARGUMENT

Plaintiffs were the first to file[1] and properly chose to litigate in Delaware, the forum in which the majority of parties are incorporated and which, as a whole, is an appropriate forum for this litigation considering the relevant *Jumara* factors. GPNE's arguments about the purported inaccessibility of this forum and on unrelated litigation in Texas[2] involving different parties, different technologies and different products are misplaced and do not serve as a basis to upset Plaintiffs' valid choice of forum. The motion to transfer should be denied.

### IV.    STATEMENT OF FACTS

Two of the four plaintiffs in this case – ARRIS and Thomson – are Delaware corporations. ARRIS is a global communications technology company based in Georgia which specializes in the design and engineering of equipment for broadband networks. It provides products and equipment principally to the cable television market on a worldwide basis. ARRIS' products allow service providers to deliver a range of integrated voice, video and high speed data services to their subscribers. In addition, ARRIS supplies infrastructure products used by cable system operators in the build-out and maintenance of hybrid fiber-coaxial networks. (Marsden Decl. at ¶ 2).

Thomson is based in Indiana and provides technology, systems, equipment and services worldwide to media and entertainment clients, including content creators (such as cable stations) and content distributors (such as cable companies). Thomson provides

---

[1]    Defendant wrongly asserts that the Texas action is the first filed action. This Court has recognized that the first-to-file rule "gives courts the power to dismiss subsequent claims involving ***the same parties and the same issues*** already before another court." *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F.Supp.2d 584, 588 (D. Del. July 20, 2007) (emphasis added). Here, the parties are not the same and neither is the accused technology or most of the patents in suit. Thus, the first-to-file rule does not apply here.

[2]    This action is the pending litigation between GPNE and Samsung Telecommunications America, L.P. ("Samsung") in the Eastern District of Texas, Marshall Division ("the Texas GPRS litigation").

video-focused systems and equipment to content creators and set-top ("cable") boxes and service gateways to consumers. (Marsden Decl. at ¶ 3).

Cisco is a California corporation with its principal place of business in California. Cisco is the leading global supplier of networking equipment and network management for the Internet. Cisco designs, manufactures and sells products related to the communications and information technology industry, and provides services associated with these products and their use. It provides a line of products for transporting data, voice and video within buildings, across campuses and around the world. Cisco conducts its business globally and manages it geographically in five segments: the United States and Canada; European Markets; Emerging Markets; Asia Pacific, and Japan. (Marsden Decl. at ¶ 4).

SA, a Georgia corporation, is a wholly-owned subsidiary of Cisco with its principal place of business in Georgia. SA is a leading global supplier of transmission networks for broadband access to the home, set-top ("cable") boxes, cable modems and digital interactive subscriber systems. SA operates several offices all over the world, including offices in Pennsylvania, Georgia, and Colorado. (Marsden Decl. at ¶ 5).

Defendant GPNE is a Delaware corporation, having its principal place of business in Hawaii. Upon information and belief, GPNE is a "commercial physical research, patent owner/lessor." (Marsden Decl. at ¶ 6 (citing Dun & Bradstreet Report)).

## V.    ARGUMENT

### A.    The Legal Standard

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the Third Circuit has emphasized, "[i]t is black letter law that a ***plaintiff's choice of a proper forum is a paramount consideration*** in any determination of a transfer request, and ***that choice should not be lightly***

*disturbed.*"  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (internal quotations and citations omitted) (emphasis added).

> As this Court explained in *Oracle v. epicRealm Licensing, LP*:
> The burden of establishing the need to transfer rests with the movant to establish that the balance of convenience of the parties and witnesses strongly favors the defendants. Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail.

2007 WL 901543, at *3 (D. Del. March 26, 2007) (internal quotations and citations omitted). A plaintiff's choice of forum will be afforded deference as long as it chose the forum for some legitimate reason. *Id.* (citing *C.R. Bard, Inc. v. Guidant Corp.*, 997 F.Supp. 556, 562 (D. Del. 1998)).

"The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad." *Oracle*, 2007 WL 901543, at *3 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). Although the Third Circuit has emphasized that "there is no definitive formula or list of factors to consider," it has identified potential factors it characterizes as either private or public interests. *Jumara*, 55 F.3d at 879.

The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted).

The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

6.

### B. Plaintiffs' Choice of Forum Should Prevail Because Plaintiffs Have Legitimate Reasons To Litigate In Delaware

This Court should give "paramount consideration" to Plaintiffs' choice of forum because Plaintiffs have legitimate reasons to litigate in Delaware.

Plaintiffs ARRIS and Thomson are Delaware corporations. This Court has held that "[a] corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state." *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, C.A. No. 04-360 JJF, 2005 WL 441077, *2 (D. Del. Feb. 15, 2005).

Defendant GPNE also is a Delaware corporation. This Court has further held that "the fact that [defendant] is incorporated in Delaware is a rational and legitimate reason for [plaintiff] choosing to sue it in Delaware." *Textron Innovations, Inc. v. The Toro Co.*, C.A. No. 05-486 GMS, 2005 WL 2620196, *2 (D. Del. Oct. 14, 2005). As the Court held in *Stratos Lightwave*:

> [T]he fact that [defendant] has incorporated in Delaware is a rational and legitimate reason for choosing to sue [defendant] in Delaware. In fact, [defendant], having received the benefits of Delaware incorporation, should not now complain that another corporation has chosen to sue it here. Therefore, [plaintiff's] forum preference, as well as [defendant's] Delaware incorporation, weigh in favor of maintaining this action in Delaware.

*Stratos Lightwave, Inc. v. E20 Communs., Inc.*, 2002 WL 500920, at *2 (D.Del. Mar. 26, 2002).

That two of the plaintiffs and the sole defendant chose to incorporate in Delaware, coupled with relative convenience and other factors discussed below, provides a legitimate basis for plaintiffs to file suit in Delaware. Therefore, Plaintiffs' choice of the Delaware forum is entitled to "paramount consideration" and should not be disturbed.

### C. The Private Interests Identified In *Jumara* Do Not Weigh In Favor of Transfer

As this Court has often recognized, the burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." *Shutte*, 431 F.2d at 25. To that end, "defendants brought into suit in Delaware must prove that litigating in Delaware would pose a 'unique or unusual burden' on their operations for a Delaware court to transfer venue." *Arrow Comm'n Labs., Inc. v. Mezzalingua Assocs.*, C.A. No. 05-357 (SLR), 2005 WL 2786691, at *1 (D. Del. Oct. 26, 2005) (citation omitted). "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001). GPNE cannot satisfy that burden.

GPNE, Arris and Thomson are all Delaware corporations. None of the parties have a principal place of business in Texas, nor has GPNE established that any of the fact witnesses are located in Texas. GPNE has made no showing that any witnesses would be amenable to service of process in Texas but not by this Court, or that any potential witnesses will refuse to travel to Delaware for trial. *SRU Biosystems, Inc. v. Hobbs*, C.A. No. 05-201-SLR, 2005 WL 2216889, at *3 (D. Del. Sept. 13, 2005) (denying motion to transfer and finding that "there is nothing of record to reflect any problems with potential witnesses refusing to travel to Delaware for trial").

Instead, GPNE has attempted to bootstrap its filing of actions in Texas as a basis to transfer this case from Delaware. Not only is such bootstrapping discouraged by this Court, *see Sony Elecs., Inc. v. Orion IP, LLC*, 2006 WL 680657, at *2 (D.Del. Mar. 14, 2006) (denying motion to transfer to Texas where defendant had previously sued a different set of parties, noting that the defendant should not be able to "bootstrap itself

into staying there when subsequent litigation arises involving a different set of parties"), GPNE has made no showing to compel transfer.

First, GPNE's suggestion that litigating this dispute in the Eastern District of Texas would be more convenient is misplaced given that GPNE has not suggested, as required by *Jumara*, that it is unable to litigate in Delaware. GPNE's arguments are also not supported by the facts. Given its proximity to the Philadelphia airport, Delaware is equally if not more convenient than Texas for the parties.[3] Additionally, this Court has previously rejected similar "myopic assertions that Wilmington would be a difficult place for defendants to litigate their case." *Praxair, Inc. v. ATMI, Inc.*, No. Civ. 03-1158-SLR, 2004 WL 883395, at *2 (D. Del. April 20, 2004) (denying motion to transfer, and noting that the number of airports and the subway system available in a different venue "are not compelling factors in the consideration of a motion to transfer").

GPNE's argument that the location of its documents in Texas makes Marshall a more convenient forum for GPNE is a red herring. That GPNE's Texas-based counsel preemptively collected and/or copied certain documents at its Texas offices is of no consequence. The Third Circuit has held that the location of documents is only relevant in the transfer analysis "to the extent that the files could not be produced in the alternative forum" and there is no suggestion by GPNE that any files or documents cannot be produced in Delaware. *Jumara*, 55 F.3d at 879. Similarly, this Court has "denied motions to transfer venue when the movants were unable to identify documents and witnesses that were unavailable for trial." *Tsoukanelis v. Country Pure Foods, Inc.*, 337 F.Supp.2d 600, 604 (D. Del. 2004); *see also Jones Pharma, Inc. v. KV Pharm. Co.*, C.A.

---

[3] GPNE places great emphasis on the alleged greater convenience of air travel to Marshall, Texas than to Wilmington. GPNE, however, fails to consider that: (i) the inconvenience of Marshall for Plaintiffs (which is 172 miles from the nearest major airport); (ii) the proximity of Wilmington to the Philadelphia airport (23 miles); or (iii) the proximity of Wilmington to Newark International Airport (116 miles) which offers nonstop flights to and from Hawaii. (Marsden Decl. at ¶¶ 7-13).

No. 03-786 JJF, 2004 WL 323109, at * 2 (D. Del. Feb. 17, 2004) ("[D]efendant does not contend that [books and records necessary to litigate this action] could not be produced or would be unavailable in Delaware. Therefore, the Court does not consider the location of the books and records as weighing in favor of a transfer.").

Similarly, the location of GPNE's counsel in Texas, and the additional convenience that a Texas forum would presumably provide to GPNE's counsel, carries no significance. This Court has recognized that location of counsel is not an "appropriate" basis for transfer. *Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*, 775 F.Supp. 759, 766 n. 8 (D. Del. 1991) (location of counsel "is not an appropriate factor to be considered under exiting case law"). GPNE itself makes this point in its moving papers. (D.I. 14 at 12-13).[4]

Furthermore, given GPNE's status as a mere patent holding entity, it is reasonable to assume that the vast bulk of the discovery involved in this case will be of Plaintiffs' documents and witnesses. Given that none of the Plaintiffs has a principal place of business in Texas, it is not apparent, and GPNE has not shown, that any discovery will take place in Texas. Even if GPNE had moved its documents to its counsel's office in Texas, it has not established any related hardship with regard to litigating in Delaware.

### D. The Public Interests Identified In *Jumara* Do Not Strongly Favor Transfer To The Eastern District Of Texas

GPNE all but concedes that the public interest factors in this case are irrelevant and thus do not favor transfer. It argues only that the "relative administrative difficulty in the two fora resulting from court congestion" favors transfer. To support its position,

---

[4] GPNE cites *Genden v. Merrill Lynch Pierce, Fenner & Smith, Inc* for the proposition that location of counsel is irrelevant because § 1404 speaks in terms of the convenience of parties and witnesses. 621 F. Supp. 780, 782 (N.D.Ill. 1985).

GPNE overstates the extent to which the Texas judge is familiar with the technology and mischaracterizes the difference in median time to disposition in Delaware versus Texas.

The practical considerations that could make the trial easy, expeditious or inexpensive weigh against transfer to the Eastern District of Texas because the only pending action does not involve the same parties, the same technology or the same products or features as the Texas GPRS litigation.[5]

In this case, Plaintiffs seek a declaration that their DOCSIS[6] compliant, wired *cable modem* technology does not infringe the claims of the three patents in suit, and that the claims of the patents in suit are invalid in view of the prior art.

In contrast, the Texas GPRS[7] litigation involves unrelated parties who make wireless *mobile phone* technology. The technology underlying DOCSIS compliant cable modems is unrelated to and substantially different from the underlying technology of the GPRS compliant wireless mobile phones accused in the Texas GPRS action, despite the fact that one of the patents-in-suit is common.

GPNE further argues that the Eastern District of Texas is already familiar with the technology at issue in this case based on "the Texas DOCSIS litigation." As GPNE acknowledges, however, "the Texas DOCSIS litigation" has settled. An inspection of that case docket reveals that the litigation was dismissed prior to any substantive ruling or involvement of the Texas court on the merits, including before the court issued a claim

---

[5] GPNE's assertion that "GPNE has *filed* its infringement contentions and Samsung has *filed* its invalidity contentions" is incorrect and irrelevant. (D.I. 13 at 1) (emphasis added). The Texas court, by local patent rule, only requires that parties "serve" infringement and invalidity contentions, as they would any other discovery materials. The fact that the parties have "served" each other with infringement and invalidity contentions is therefore no indication that the Court has any familiarity with the products or technology. *See* Marsden Decl. at ¶ 15.

[6] Data Over Cable Service Interface Specifications (DOCSIS) is an international standard employed by many cable television providers to offer high-speed data *transmission* over a coaxial cable line.

[7] General Packet Radio Service (GPRS) is a mobile data service available to users of certain cellular phone networks.

construction ruling and before the parties even engaged in any *Markman* briefing. (Marsden Decl. at ¶ 14). Because The Texas court had little if any opportunity to engage substantively in these issues, it had no "head start" and this Court is equally qualified to familiarize itself with the relevant technology. *Truth Hardware Corp. v. Ashland Prods., Inc.*, C.A. No. 02-1541-GMS, 2003 WL 118005, at *1 (D. Del. Jan 13, 2003) (rejecting defendant's claim of judicial economy because although the transferee court "may be more familiar with the technology at this juncture, the present court is amply qualified to likewise familiarize itself"); *see also ICU Medical, Inc. v. Rymed Techs., Inc.*, C.A. No. 07-468-JJF, 2008 WL 205307, at *5 (D.Del Jan. 23, 2008) ("[T]he Court does not find [another court's familiarity with the patents at issue] to be dispositive").

GPNE also argues that "relative administrative difficulty in the two fora resulting from court congestion" favors transfer. It does not. According to the most recent available Federal statistics, in 2006 the District of Delaware had 367 weighted filings per judgeship, while the Eastern District of Texas had 550 weighted filings per judgeship -- nearly fifty percent more.[8] Additionally, Judge Davis is currently setting trials an average of 27 months from filing to trial.[9] A review of Judge Davis' recent scheduling orders for patent cases indicates that some cases may be set for trial as many as 36 months from filing.[10]

Even if GPNE could establish that Texas were a less congested court, which it cannot, that fact would not satisfy its heavy burden of showing that the balance of public interest factors weighs strongly in favor of transfer. *See Automotive Techs. Int'l, Inc. v.*

---

[8] *See* Marsden Decl. at ¶ 16 (citing Federal Court Management Statistics, http://www.uscourts.gov/cgi-bin/cmsd2006.pl). For the Administrative Office of the U.S. Courts *explanation* of "weighted filings," see http://www.uscourts.gov/library/fcmstat/cmsexpl06.html.

[9] *See Garmin Ltd. v. TomTom, Inc.*, Case. No. 2-06CV-338 (E.D. Tex. filed on Aug. 23, 2006).)

[10] *See, e.g.*, Marsden Decl. at ¶ 17 (citing Docket Control Order for *Marvell Semiconductor et al v. Commonwealth Scientific and Industrial Research Organisation* (Civ. Action No. 6:07cv204)).

*American Honda Motor Co., Inc.*, C.A. No. 06-187-GMS, 2006 WL 3783477, at *3 (D. Del. Dec. 21, 2006) ("[T]he court is not persuaded that any disparity in court congestion will be so great as to weigh strongly in favor of a transfer"); *Textron*, 2005 WL 2620196, at *3 ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer").

Lastly, Delaware has a local interest in deciding this controversy given that three of the five parties are Delaware corporations. *See Alcoa v. Alcan Inc.*, 2007 WL 1948821, at *4 (D. Del. Jul. 2, 2007) ( recognizing that "[Delaware] has an interest in litigation regarding companies incorporated within its jurisdiction").

GPNE concedes that the remaining, applicable public interest factors, enforceability of the judgment, local interest, and public policies of the fora, do not weigh in favor of transfer. (D.I. 14 at 13).

GPNE has failed to meet the heavy burden of showing that the balance of the *Jumara* factors is strongly in favor of transfer. Therefore, Plaintiffs choice of forum in Delaware should prevail.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that GPNE's motion to transfer be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

FISH & RICHARDSON P.C.

*/s/ William J. Marsden, Jr. (#2247)*

William J. Marsden, Jr. (#2247)
919 North Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899
(302) 778-8401
marsden@fr.com

*Attorneys for Plaintiffs*
*Cisco Systems, Inc., Scientific-Atlanta, Inc.,*
*ARRIS Group, Inc. and Thomson, Inc.*

February 7, 2008

CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Richard K. Herrmann
> MORRIS JAMES LLP

I further certify that I caused to be served copies of the foregoing document on March 3, 2008 upon the following in the manner indicated:

Richard K. Herrmann                                         *VIA ELECTRONIC MAIL*
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306
(302) 888-6800

Edward W. Goldstein
Corby R. Vowell
GOLDSTEIN, FAUCETT & PREBEG, LLP
1177 West Loop South, Suite 400
Houston, TX  77027
(713) 877-1515

> */s/ Karen Jacobs Louden (#2881)*
> _____
> klouden@mnat.com (#2881)