IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISCO SYSTEMS INC., <br> SCIENTIFIC-ATLANTA INC., <br> ARRIS GROUP INC., and <br> THOMSON INC., <br><br> Plaintiffs, <br><br> v. <br><br> GPNE CORP., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 07-671-SLR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

At Wilmington this 17th day of April, 2008, having reviewed defendant's motion to transfer and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 13) is denied, for the reasons that follow:

1. **Background.** In October 2007, plaintiffs Cisco Systems, Inc. ("Cisco") (a California corporation having its headquarters in San Jose, California) and Scientific-Atlanta, Inc. ("SA") (a wholly-owned subsidiary of Cisco with its headquarters in Lawrenceville, Georgia) filed the above captioned action against defendant GPNE Corporation ("GPNE") (a Delaware corporation having its principal place of business in Honolulu, Hawaii) seeking declaratory relief with respect to U.S. Patent Nos. 6,282,406 (the "'2,406 patent"), 7,200,406 (the "'0,406 patent"), and 7,209,748 (the "'748 patent"). (D.I. 1) By amended complaint filed in December 2007, plaintiffs ARRIS Group, Inc. ("ARRIS") (a Delaware corporation with its principal place of business in Suwanee,

Georgia) and Thomson, Inc. ("Thomson") (a Delaware corporation with its principal place of business in Indianapolis, Indiana) were added. (D.I. 7) In January 2008, defendant GPNE filed its answer and counterclaims of patent infringement as to all three of the patents in suit. (D.I. 12) GPNE also filed a motion to transfer the case to the Eastern District of Texas, based on the "first-filed" theory. (D.I. 13)

2. More specifically, on January 31, 2007, GPNE filed two patent infringement cases in the Eastern District of Texas. The first, filed against Time Warner Inc., Comcast Cable Communications LLC and Charter Communications, Inc., was settled and dismissed in November 2007 without the benefit of any substantive rulings by the court. (D.I. 17, ex. M) The second, filed against Samsung Telecommunications America ("Samsung"), L.P., LG Electronics Mobilecomm U.S.A., Inc., and HTC America Inc., remains pending only against Samsung, relates only to the '2,406 patent, and involves different technology than that at issue. Nevertheless, GPNE argues that transfer is warranted because "[t]he Eastern District of Texas was the first court to obtain possession of the subject matter in dispute in this action - specifically, the infringement of the '2,406 patent." (D.I. 21 at 2)

3. **Standard of review.** Under 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 208 (D. Del. 1998).

4. The burden of establishing the need to transfer rests with the movant "to establish that the balance of convenience of the parties and witnesses strongly favors the defendants." Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." ADE Corp. v. KLA-Tencor Corp., 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); Shutte, 431 F.2d at 25. The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. C.R. Bard, Inc. v. Guidant Corp., 997 F. Supp. 556, 562 (D. Del. 1998); Cypress Semiconductor Corp. v. Integrated Circuit Systems, Inc., No. Civ. A. 01-199, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); Continental Cas. Co. v. American Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999). Although transfer of an action is usually considered as less inconvenient to a plaintiff if the plaintiff has not chosen its "'home turf' or a forum where the alleged wrongful activity occurred, the plaintiff's choice of forum is still of paramount consideration, and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer." In re M.L.-Lee Acquisition Fund II, L.P., 816 F. Supp. 973, 976 (D. Del. 1993).

5. The Third Circuit Court of Appeals has indicated that the analysis for transfer is very broad. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Although emphasizing that "there is no definitive formula or list of factors to consider," id., the Court has identified potential factors it characterized as either private or public interests. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose

3

elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted).

6. With respect to the "first-filed rule," this rule was adopted more than fifty years ago by the Third Circuit Court of Appeals and described as follows: "In all cases of [federal] concurrent jurisdiction, the court which first ha[d] possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) (quoting Smith v. McIver, 22 U.S. (9 Wheat.) 532 (1824)). Consequently, the second filed action should be stayed or transferred to the court where the first-filed action is pending. Peregrine Corp. v. Peregrine Indus., Inc., 769 F. Supp. 169, 171 (E.D. Pa. 1991); Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc., No. Civ. A. 01-532, 2001 WL 1414868 (D. Del. Nov. 13, 2001). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." E.E.O.C. v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988). The decision to transfer or stay the second action is within the discretion of the trial court. Id. at 972, 977. However, "invocation of the rule will usually be the norm, not the exception. Courts

must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule." Id. at 979.

7. **Analysis.** I have never before been confronted with a case in which the first-filed rule has been invoked for cases in which neither the parties nor the patents at issue are identical. Indeed, I find remarkable the assertion that a court obtains "possession of the subject matter" of a patent as soon as a single case involving that patent is filed in that jurisdiction. Needless to say, I find these arguments less than compelling. Also remarkable is the fact that parties are still basing motions to transfer on the "convenience" of the parties, when it is undeniable that national corporations can and do operate their businesses via electronic communications; litigation is not substantially different and should not be treated as such. Consistent with the rationale I have employed for at least the last 10 years, that absent a truly regional defendant or critical witnesses that cannot be compelled to attend trial, Delaware (especially for Delaware corporations such as GPNE) is at least as convenient as any other forum.

8. **Conclusion.** For the reasons stated above, defendant's motion to transfer is denied.

_____
United States District Judge